UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT MATTHEW PIERCE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | No.  1:22-cv-00107-HBK<br><br>ORDER GRANTING LEAVE TO FILE A FIRST AMENDED PETITION<br><br>THIRTY DAY DEADLINE |

On December 13, 2021, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. No. 1).  The petition was transferred to this court from the District of South Carolina because Petition was incarcerated within the jurisdiction and venue of this Court when he filed the petition.  (Doc. Nos. 4, 8, 11).  A preliminary screening of the petition reveals that it fails to present any cognizable grounds for relief or any facts in support and fails to name a proper respondent.  Therefore, the Court will afford Petitioner an opportunity to file an amended petition before recommending dismissal of this action.

**DISCUSSION**

**A.  Preliminary Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the

Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . .." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases[1] requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

The petition relates to a 2019 disciplinary conviction Petitioner received while he was incarcerated in Bennettsville, South Carolina. Petitioner states his is "not challenging the write-up," but is requesting that 41 days of good time credit be restored. (Doc. No. 1 at 2). Petitioner further admits he did not appeal his disciplinary conviction because he did not know how to

---

[1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

1 appeal and feared retaliation.  (*Id*.).

2     Here, Petitioner does not allege he is in custody in violation of the Constitution or laws or
3 treaties of the United States.  And the petitioner fails to specify any ground(s) for relief or any
4 facts supporting his ground(s).  The petition is silent on what basis Petitioner is entitled to have
5 his good time credit restored.  Therefore, the petition fails to state a cognizable federal habeas
6 claim and is subject to dismissal.  Petitioner will be granted an opportunity to file a First
7 Amended Petition curing these deficiencies if he is able.  Petitioner is advised that he should
8 caption his pleading, "First Amended Petition," and he should reference the instant case number.
9 Failure to comply with this order will result in dismissal of the action

10     **C. Failure to Name a Proper Respondent**

11     Petitioner also identifies the United States of America as the Respondent.  A petitioner
12 seeking habeas corpus relief must name the officer having custody of him as the respondent to the
13 petition.  Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891,
14 894 (9th Cir. 1996); *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994).
15 Normally, the person having custody of an incarcerated petitioner is the warden of the prison in
16 which the petitioner is incarcerated because the warden has "day-to-day control over" the
17 petitioner.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *see also Stanley*, 21
18 F.3d at 360.  However, the chief officer in charge of penal institutions is also appropriate.  *Ortiz*,
19 81 F.3d at 894; *Stanley*, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper
20 respondent is his probation or parole officer and the official in charge of the parole or probation
21 agency or correctional agency.  *Id*.

22     Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
23 for lack of jurisdiction.  *Stanley*, 21 F.3d at 360; *Olson v. California Adult Auth*., 423 F.2d 1326,
24 1326 (9th Cir. 1970); *see also Billiteri v. United States Bd. Of Parole*, 541 F.2d 938, 948 (2nd
25 Cir. 1976).  However, the Court will give Petitioner the opportunity to cure this defect by
26 amending the petition to name a proper respondent, such as the warden of his facility.  *See West v.*
27 *Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363
28 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent);

*Ashley v. State of Washington*, 394 F.2d 125 (9th Cir. 1968) (same).  Petitioner may correct this deficiency in his First Amended Petition.

**ORDER**

Accordingly, IT IS ORDERED:

1. Petitioner is GRANTED **thirty days (30)** from the date of service of this Order in which to file a First Amended Petition.
2. Petitioner may also file a Notice of Voluntary Dismissal if he does not believe he can cure the deficiencies identified above.
3. If Petitioner fails to timely file a First Amended Petition the undersigned will recommend the Court dismiss the petition for the reasons set forth here and/or for Petitioner's failure to prosecute this action.

Dated:     January 31, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE