UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT MATTHEW PIERCE,<br><br>             Petitioner,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | No.  1:22-cv-00107-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS AMENDED PETITION FOR FAILURE TO STATE A CLAIM AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 16)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Scott Matthew Pierce ("Petitioner"), a federal prisoner proceeding *pro se*, initiated this case on December 13, 20221 by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. No. 1).  A preliminary screening of the petition revealed that Petitioner failed to present any cognizable grounds for relief or any facts in support and failed to name a proper respondent.  The undersigned granted leave to amend the petition on January 31, 2022, and Petitioner submitted a first amended petition on February 17, 2022.  (Doc. Nos.  13, 16).  For the reasons set forth below, the Court recommends that the amended petition be DISMISSED

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

1

without prejudice for failure to state a claim and failure to exhaust administrative remedies.

## I.   BACKGROUND

Petitioner's first amended petition consists of a single page that lists "relief requested" as "to have my 41 days reinstated," and "grounds for relief" as "a copy enclosed with this, of my programs completed, also I have had clean conduct and I have been working hard to earn my GED to better myself so that I can be a better man both in society and for my family." (Doc. No. 16 at 1). The first amended petition is the operative pleading in this case. However, even were the undersigned to give Petitioner the benefit of considering his initial petition, the only additional information provided by Petitioner in the initial petition is a checked box indicating he is challenging a disciplinary proceeding, with a paradoxical statement that he is "not challenging the write-up" but is "asking that the 41 days good credit time be restored" to him. (Doc. No. 1 at 2).

## II.   APPLICABLE LAW AND ANALYSIS

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### A. Failure to State a Cognizable Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of

that custody . . ." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases[2] requires that the petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Here, Petitioner has failed to comply with the aforementioned statutes and rules. Other than conclusory statements, Petitioner has not provided any supporting factual allegations regarding his request to have his good time credits restored, nor has he indicated that he seeks to challenge the disciplinary proceeding that resulted in the loss of good time credits. (Doc. No. 16).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met to satisfy due process are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id*. at 563–71. In addition, "some evidence" must support the decision of the hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability*, Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). Liberally construing *pro se* pleadings as the court is required to do, and with the benefit of review of the initial petition, it appears Petitioner wishes to challenge his prison disciplinary proceedings. However, Petitioner's first amended petition entirely fails to address whether he was denied due process or provide any factual support thereof. Petitioner does not attach disciplinary hearing results or provide any information as to whether he was provided notice of the hearing.

Based on the foregoing, the undersigned recommends petitioner's first amended petition

---

[2] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

3

be dismissed for failure to state a cognizable claim. In addition, as discussed below, Petitioner concedes he has failed to exhaust administrative remedies.

### B. Failure to Exhaust Administrative Remedies

"Federal prisoners [generally] are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012). However, the requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995). Because exhaustion is not required by statute, it is not jurisdictional. *Id.* (citing *Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987)). If petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id.*

Requiring a petitioner to exhaust administrative remedies (1) aids judicial review "by allowing the appropriate development of a factual record in an expert forum," (2) conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and (3) allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). Dismissal is appropriate when a federal prisoner has not exhausted the administrative remedies made available by the BOP. *See Quinonez v. McGrew*, 649 F. App'x 475 (9th Cir. 2016) (affirming district court's dismissal of a § 2241 petition where the petitioner "did not complete any level of the BOP's Administrative Remedy Program and there is no indication that his pursuit of those remedies would be futile"). However, the Court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004) ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is

4

available.").

Here, the first amended petition contains no factual detail concerning whether Petitioner has exhausted his remedies before initiating the instant action.  Because the amended petition is devoid of any facts supporting exhaustion, it appears Petitioner has not exhausted his remedies before filing this action.[3]  *See, e.g., Qun v. Arviza*, 2022 WL 902957 at *2 (E.D. Cal. March 28, 2022) (dismissing § 2241 petition in part for failure to exhaust of administrative remedies when there was no record of any requests by petitioner to avail himself of administrative remedies).  Thus, the undersigned recommends the first amended petition be dismissed for failure to exhaust administrative remedies.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed shall assign this case to a district judge for the purposes of reviewing these findings and recommendations.

Further, it is **RECOMMENDED**:

Petitioner's first amended petition habeas corpus petition be DISMISSED WITHOUT PREJUDICE for failure to state a cognizable claim and failure to exhaust administrative remedies.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

---

[3] Although the initial petition is not properly before the court, even were the court to consider grounds raised in the initial petition Petitioner appears to be requesting restoration of 41 days of good credit time assessed as part of a disciplinary proceeding. (Doc. No. 1). However, Petitioner admits in his initial petition that he failed to exhaust administrative remedies and has no intention to challenge "the write-up." (Doc. No. 1 at 2). Moreover, despite the bald assertion that he feared retaliation by "white CAR politics," there is nothing before the undersigned that indicates administrative remedies would be futile or would cause Petitioner any irreparable injury.

838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     April 14, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE